IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHELLE BOYER,** | Case No. 2:23-cv-61 |
| Plaintiff, | |
| v. | |
| **AMPLITY HEALTH,** | JURY TRIAL DEMANDED |
| Defendant. | |

# COMPLAINT

NOW COMES the Plaintiff, Michelle Boyer, by and through her attorney, Prabhu Narahari, Esq., of Manes & Narahari LLC, and files this Complaint alleging as follows:

## I. Nature of the Action

1. Plaintiff brings this Complaint to recover damages the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 *et seq,* and the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101, *et seq*. Plaintiff alleges that she was discriminated and retaliated against on the basis of her disability.

## II. Jurisdiction and Venue

2. This action arises under the Americans with Disabilities Act and the Pennsylvania Human Relations Act. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

5. Plaintiff filed a timely charge with the Equal Employment Opportunity Employment Commission ("EEOC") regarding her allegations under the ADA on April 25, 2022, under charge number 533-2022-01558. *See Exhibit 1*.

6. Plaintiff was mailed Notice of Right to Sue from the EEOC on October 17, 2022. This Complaint has been filed within ninety (90) days of Plaintiffs receipt making this action timely. *See Exhibit 2*.

### III. Parties

7. Plaintiff, Michelle Boyer ("Plaintiff"), is an adult individual with a primary residence located at 10 Old Clairton Road, Apt 12A, Pittsburgh, Pa 15236.

8. Defendant, Amplity Health ("Amplity"), is a Pennsylvania business corporation with a regular place of business located at 2080 Cabot Blvd W, Langhorne, Pa 19047.

### IV. Facts

9. Plaintiff began working for Amplity on or about July 19, 2021.

10. Plaintiff worked as a Field Sales Representative.

11. When Plaintiff was hired, her legal name was Michelle Skarzynski. Plaintiff has subsequently changed her name to Michelle Boyer.

12. Plaintiff has been diagnosed with several rare diseases, including Ehlers Danlos Disease, Mast Cell Activation Syndrome, Dysautonomia and Postural Orthostatic Tachycardia Syndrome.

13. Due to Plaintiff's diagnosis, she is unable to receive COVID-19 vaccines safely.

14. Plaintiff filed a medical exemption with Amplity.

15. Her medical exemption was accepted, however, Amplity failed to provide Plaintiff with an accommodation.

16. Plaintiff first learned of Amplity's COVID-19 vaccine requirement on November 30, 2021. Plaintiff was given an ultimatum: either get a COVID-19 vaccine or be terminated.

17. Karen McAndrews, a member of Amplity's Human Resources department, informed Plaintiff that she could be given a 100% remote position or get the COVID-19 vaccination to keep her current position.

18. This email was dated November 30, 2021.

19. Due to Plaintiff's diagnosis, she cannot safely receive the vaccination.

20. Plaintiff has a severe allergy to polyethylene glycol and polysorbate, which are in the Moderna, Pfizer, and Johnson & Johnson vaccines.

21. These vaccines could cause Plaintiff to go into anaphylaxis.

22. Plaintiff previously received a flu vaccination that caused her to lose her ability to walk for several months.

23. Plaintiff's doctor had advised her to not receive any of the COVID-19 vaccines.

24. Plaintiff did not receive an offer for a 100% remote position as McAndrews stated could be found for her.

25. Amplity did not engage in the process to accommodate Plaintiff, other than the mere suggestion of a remote position.

26. Amplity terminated Plaintiff's employment on or about February 18, 2022 as a result of her disabilities.

## COUNT I
**Disability Discrimination in Violation of the Americans with Disabilities Act**

27. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

28. As an employer with 15 or more employees, Defendant is a qualified employer under the ADA.

29. Plaintiff was qualified for her position as a Field Sales Representative.

30. The inquiry into whether a person is disabled under the ADA is made on a case-by-case analysis. *Tice v. Centre Area Transport Authority*, 247 F.3d 506 (3rd Cir. 2001). To establish a prima facie case of discrimination under the ADA, Plaintiff must show: (1) he is a disabled person within the meaning of the ADA; (2) he is qualified to perform the essential functions of his job; and (3) he suffered an adverse employment decision as a result of discrimination. See *McGlone v. Philadelphia Gas Works*, 17-1399, 2018 WL 2193658, at *2 (3d Cir. May 14, 2018) (citing *Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998)).

31. It is clear that Plaintiff is a person who qualifies as a disabled individual under the ADA.

32. Plaintiff has been diagnosed with several rare diseases, including Ehlers Danlos Disease, Mast Cell Activation Syndrome, Dysautonomia and Postural Orthostatic Tachycardia Syndrome.

33. Plaintiff sought the accommodation of a medical exemption from the vaccine as well as receiving a 100% remote position with Defendant, as offered by McAndrews.

34. As a result of Plaintiff's diagnosed disabilities and allergies, she was terminated from her employment, an adverse action, on February 18, 2022.

35. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be free from discrimination.

## COUNT II
### Failure to Accommodate in Violation of the Americans with Disabilities Act

36. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

37. To prevail on a claim of failure to accommodate, Mr. Meiser must establish that "(1) the employer knew about his disability; (2) he requested accommodations or assistance for his disability; (3) the employer did not make a good faith effort to assist him in seeking accommodations; and (4) he could have been reasonably accommodated but for the employer's lack of good faith." *Tourtellotte v. Eli Lily & Co.*, 636 F.App'x 831, 849 (3d Cir. 2016) (*internal citations omitted*).

38. Plaintiff was known to Defendant as having a disability. This is incontrovertible by way of fact that Plaintiff was offered a remote position as a result of her disability.

39. After being informed by McAndrews that they would find her a remote position, no such position was found.

40. No good faith effort by the Defendant existed. While initially offering a remote position due to her disability, no remote position was found.

41. It would have been easy for Defendant to actually follow through on finding a remote position, as these positions existed.

42. Defendant terminated Plaintiff for not receiving the vaccine, despite her disabilities and allergies to specific components of the vaccines.

43. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be free from discrimination.

## COUNT III
### Disability Discrimination in Violation of the PHRA

44. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

45. The analytical framework used to evaluate a disability discrimination claim under the PHRA is effectively indistinguishable from that under the ADA, thus allowing courts to position both ADA and PHRA claims on the same grounds. Bialko v. Quaker Oats Co., 434 F. App'x. 139, 142 n.5 (3d Cir. 2011) (citing Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 382 (3d Cir. 2002).

46. Because Plaintiff is able to state a viable claim of disability discrimination under the ADA, she is also able to under the PHRA.

47. Plaintiff was qualified to perform the essential functions of her job as a Filed Sales Representative.

48. Plaintiff's disability was disclosed to the Defendant.

49. Plaintiff's allergy was disclosed to the Defendant.

50. However, Plaintiff suffered an adverse employment action of termination from employment due to being unable to receive the vaccine due to her disabilities and allergies.

51. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be free from discrimination.

## COUNT IV
### Failure to Accommodate in Violation of the PHRA

52. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

53. As stated above, in violating the ADA, Defendant hereby violated the PHRA.

54. Defendant is an employer within the meaning of the PHRA.

55. Plaintiff is an employee within the meaning of the PHRA.

56. Plaintiff requested a reasonable accommodation, to meet the needs of her disability and allergies.

57. Plaintiff was not granted this accommodation.

58. As a result, Plaintiff was terminated from her position.

59. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's right protected under federal law to be free from discrimination.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor, and against Defendant, and award all damages available at law and equity, including:

a) Lost back pay resulting from Defendant's constructive discharge of Plaintiff;

b) Lost front pay continuing into the future for Defendant's unlawful conduct;

c) Compensatory damages, including emotional damages and humiliation;

d) Punitive damages to punish Defendant's conduct and to deter similar future conduct;

e) Costs for bringing this action;

f) Attorney's fees;

g) Pre-judgment and continuing interest; and

h) Any other relief that this Court deem necessary and proper.

Respectfully Submitted,

    /s/ Prabhu Narahari
**Prabhu Narahari, Esq.**
PA ID No. 323895
**MANES & NARAHARI, LLC**
One Oxford Centre
301 Grant St, Suite 270
Pittsburgh, PA 15219
(412) 626-5588 Direct
(412) 650-4845 Fax
pn@manesnarahari.com

## VERIFICATION

I, Michelle Boyer, swear under penalty of perjury under the laws of the United States of America that the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge.

_____
Michelle Boyer